# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50583

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 17, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHAWN ALAN SACOLICK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for penetration with a foreign object, with an enhancement for repeat sexual offender, and unified forty-year sentence, with a minimum period of incarceration of eighteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and MELANSON, Judge Pro Tem

---

PER CURIAM

Shawn Alan Sacolick was found guilty of felony forcible penetration by a foreign object, Idaho Code § 18-6608, with a repeat sexual offender enhancement, I.C. § 19-2520G, and misdemeanor sexual battery, I.C. 18-924. The district court imposed a unified forty-year sentence, with eighteen years determinate, for the sexual penetration with a foreign object with the enhancement, and credit for time served for the misdemeanor. Sacolick appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Sacolick's judgment of conviction and sentence are affirmed.